# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
Joshua Ward, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action*,

                    *Plaintiff*,

-*against*-

Empire Security & Protection, LLC, Empire Security Consultants, Corp., Empire Security Training Group LLC, and John Galasso,

                    *Defendants*.
-----------------------------------------------------------------------X

Case No.: 23-cv-02525

## NEGOTIATED SETTLEMENT AGREEMENT AND RELEASE

      Plaintiff Joshua Ward ("Plaintiff") and Defendants Empire Security & Protection, LLC, and Empire Security Training Group LLC (collectively, the "Defendants", and together with Plaintiff, the "Parties") desire to settle and resolve fully all wage and hour claims that have been or could have been brought against Defendants by Plaintiff, and have reached a compromise settlement agreement to dispose of all such claims, including but not limited to, Plaintiff's claims against Defendants in the lawsuit captioned *Ward v. Empire Security & Protection, LLC et al*, Case No. 1:22-cv-05449-DG-TAM, pending in the U.S. District Court for the Eastern District of New York (the "Lawsuit"). Therefore, in consideration of the foregoing, Plaintiff and Defendants agree as follows:

      1.    **Consideration.** Prior to the execution of this Agreement, Defendants shall deliver the certified checks set forth in Sections 1(a) through 1(b), below, by Federal Express courier to the offices of Defendants' counsel, Romano Law PLLC, Attn. Ellie Sanders, One Battery Park Plaza, New York, NY 10004. Upon Defendants' counsel's receipt of the certified checks, set forth in Sections 1(a) through 1(b), the parties shall diligently file the motion for settlement approval *pursuant to Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015). Upon the Court's approval of the settlement agreement, and subsequent dismissal of this action, in consideration for Plaintiff's timely signing this Negotiated Settlement Agreement and Release ("Agreement") and complying with the promises made by Plaintiff contained in this Agreement, including the release and waiver of claims, Defendants agree to provide Plaintiff with the total settlement sum of Forty Thousand Dollars and Zero Cents ($40,000.00) in consideration for and in full satisfaction of all wage and hour claims Plaintiff may have against Releasees (as defined below), known or unknown, asserted or unasserted, through the date of the execution of the Agreement. Defendants shall make six (6) monthly payments to Plaintiff and Plaintiff's counsel, as follows:

           a.    Within seven (7) days of the Court's approval of the settlement agreement,

       Defendants shall issue, or cause to be issued an initial installment payment, totaling $8,060.72 (the "Initial Installment Payment"), as follows:

          i.    One check made payable to "Joshua Ward" in the gross amount of Four Thousand Four Hundred Forty-Four Dollars and Forty-Four Cents ($4,444.44);

          ii.   One check made payable to "Levin-Epstein & Associates, P.C." in the amount of Three Thousand Six Hundred Five Dollars and Sixteen Cents ($3,616.27), as payment for attorneys' fees ($2,222.22) and costs ($1,394.05).

  b.  Beginning thirty (30) days of Plaintiff's receipt of the Initial Installment Payment, and every thirty (30) days thereafter, Defendants shall issue, or cause to be issued five (5) installment payments (the "Five Installment Payments"), totaling $6,387.86 each, as follows:

          i.    One check made payable to "Joshua Ward" in the gross amount of $4,258.57

          ii.   One check made payable to "Levin-Epstein & Associates, P.C." in the amount of $2,129.29

  c.  <u>Indemnification</u>. Plaintiff shall be solely responsible for the payment of all taxes, interest, penalties and other liabilities or costs that may be assessed in connection with the settlement sum set forth in Paragraph "1.b." above. Plaintiff acknowledges that they have not relied on any oral or other representations made by Defendants or its counsel regarding the tax consequences of any of the amounts paid pursuant to this Agreement.

2.    **<u>No Consideration Absent Execution of this Agreement</u>.** Plaintiff understands and agrees that they would not receive the monies specified in paragraph "1" above, except for Plaintiff's execution of this Agreement and the fulfillment of the promises contained herein.

3.    **<u>Release of All Wage & Hour Claims</u>.** Plaintiff, their heirs, executors, administrators, successors and assigns voluntarily release and forever discharge Defendants, and their subsidiaries, divisions and affiliated entities, and their owners, officers, directors, Board members, principals, shareholders, trustees, administrators, executors, agents, attorneys, employees, former employees, insurers, reinsurers, predecessors, successors and assigns, and its employee benefit plans and programs and their administrators and fiduciaries, both individually and in their official capacities (collectively "Releasees") of and from any wage and hour actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, judgments, obligations,

and in their official capacities (collectively "Releasees") of and from any wage and hour actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, judgments, obligations, union grievances, claims, charges, complaints, appeals and demands whatsoever, in law or equity, which they may have against Releasees as of the date of execution of this Agreement, whether known or unknown, asserted or unasserted, including, but not limited to, any alleged violation of: the Fair Labor Standards Act, 29 U.SC. § 201 et seq.; the New York Labor Law and all New York Wage Orders; any other federal, state, city or local wage-hour, wage-payment laws, rules, regulations and/or guidelines, constitutions or ordinances; any claim for costs, fees, or other expenses, including attorneys' fees or any other action against Releasees, arising from any purported wage and hour violation and based upon any conduct occurring from the beginning of time up to and including the date of the complete execution of this Agreement.

   4. **No Other Entitlement Under the FLSA.**  As a consequence of this settlement, Plaintiff affirms that they has been paid and has received all compensation, wages, bonuses, commissions, benefits, and other monies to which they may be entitled under the FLSA.

   5. **Procedure.**  After this Agreement and the Stipulation and Order of Final Dismissal with Prejudice of Plaintiff's Claims ("Stipulation") attached as Exhibit "A" are fully-executed by the Parties and their counsel, subject to Defendants' review of and consent to the motion for judicial approval of the settlement, Plaintiff, on behalf of the Parties, will submit the Agreement and Stipulation to the Court for the Court's consideration and approval.

   6. **Governing Law, Interpretation and Forum Selection.**  This Agreement shall be governed and conformed in accordance with the laws of the state of New York without regard to its conflicts of law provisions.  In the event of a breach of any provision of this Agreement, any party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach.  Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.  The Parties expressly consent that any action or proceeding relating to this Agreement will be brought in the U.S. District Court for the Eastern District of New York.

   7. **Non-admission of Wrongdoing.**  The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

   8. **Amendment**.  This Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

   9. **Entire Agreement.**  This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties, except for the Parties' Negotiated Settlement Agreement and General Release of Non-FLSA Claims, which is being executed simultaneously with this Agreement.  Plaintiff acknowledges that

they have not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with their decision to accept this Agreement, except for those set forth in this Agreement.

10. **Execution**.

    a. The terms of this Agreement are the product of mutual negotiation and compromise between Plaintiff and Defendants. The meaning, effect and terms of this Agreement have been fully explained to Plaintiff by their counsel. Plaintiff fully understands that this Agreement generally releases, settles, bars and waives any and all wage and hour claims that they possibly could have against Releasees relating to their employment with Defendants. Plaintiff further represents that they are fully satisfied with the advice and counsel provided by their attorneys; and

    b. Plaintiff fully understands the terms of this Agreement.

11. **Translation**. It is further understood and agreed between the Parties that counsel for Plaintiff shall be responsible for translating this Agreement to a language fully understood by Plaintiff, and to fully advise Plaintiff regarding the terms and conditions of this Agreement. Any contention that the terms and conditions of this Agreement were not translated and communicated to Plaintiff by their counsel shall not be a basis to challenge or to set aside this Agreement.

12. **Counterparts**. This Agreement may be executed in counterparts with all counterparts constituting the entire Agreement and with the same full force and effect as if this Agreement were not executed in counterparts. Electronic and facsimile signatures shall be deemed as originals.

**PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND REVIEW WITH PLAINTIFF'S ATTORNEYS, LEVIN-EPSTEIN & ASSOCIATES, P.C., ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL FLSA AND NYLL CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES.**

**HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY THE SETTLEMENT SUM SET FORTH IN THIS AGREEMENT, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND DISCUSSION WITH THEIR ATTORNEY, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOUR CLAIMS THEY HAVE OR MIGHT HAVE AGAINST RELEASEES.**

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily signed this Agreement as of the date(s) set forth below:

**JOSHUA WARD**

Dated: _____    _____
Joshua Ward

**EMPIRE SECURITY & PROTECTION, LLC**

Dated: _____    _____
By:

**EMPIRE SECURITY TRAINING GROUP LLC**

Dated: _____    _____
By:

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily signed this Agreement as of the date(s) set forth below:

**JOSHUA WARD**

Dated: _____   _____
Joshua Ward

**EMPIRE SECURITY & PROTECTION, LLC**

Dated: 4/29/2024   _____
By: Joel Pennyfeather
    Managing partner

**EMPIRE SECURITY TRAINING GROUP LLC**

Dated: 4/29/2024   _____
By: Joel Pennyfeather
    Managing partner

Exhibit "A"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

Joshua Ward, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action*,

            *Plaintiff*,

-*against*-

Empire Security & Protection, LLC, Empire Security Consultants, Corp., Empire Security Training Group LLC, and John Galasso,

            *Defendants*.
------------------------------------------------------------------------X

Case No.: 22-cv-05449

**[PROPOSED] STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE**

IT IS HEREBY STIPULATED AND AGREED, by and between Joshua Ward ("Plaintiff") and Defendants Empire Security & Protection, LLC, and Empire Security Training Group LLC (collectively, the "Defendants") that the Negotiated Settlement Agreement and Release in this matter having been reviewed by the Court and found to be fair and reasonable, Plaintiff's claims in the above-captioned action shall be dismissed in their entirety, with prejudice, in accordance with the terms of the Negotiated Settlement Agreement and Release.

Dated:  New York, New York
     April 29, 2024

| LEVIN-EPSTEIN & ASSOCIATES, P.C. | ROMANO LAW PLLC |
|---|---|
| By: _____ <br> Jason Mizrahi <br> 60 East 42nd Street, Suite 4700 <br> New York, New York 10165 <br> Tel. No.: (212) 792-0048 <br> Email: Jason@levinepstein.com <br> *Attorneys for Plaintiff* | By: /s/ David M. Fish <br> David M. Fish <br> One Battery Park Plaza, 7th Floor <br> New York, NY 10004 <br> Tel. No.: (212) 865-9848 <br> Email: fish@davidmfish.com <br> *Attorneys for Defendants* |

SO ORDERED on this _____ day of _____, 2023.

_____